JAMES M. VALENTINE *vs.* MIDDLESEX RAILROAD COMPANY.

Suffolk.   Jan. 9. — March 4, 1884.   DEVENS & HOLMES, JJ., absent.

At the trial of an action against a street railway corporation for personal injuries occasioned to the plaintiff, while a passenger in one of its open cars, by being thrown out of the car, it appeared that the defendant was repairing its track at the place where the accident happened; that, for this purpose, it had removed the paving-stones in the street, and, at the time of the accident, some of them had not been replaced; and there was evidence tending to show that the absence of the paving-stones made the passage at this point dangerous; and that this caused the injury to the plaintiff. *Held*, that there was evidence of the defendant's negligence which was properly submitted to the jury.

At the trial of an action for personal injuries, it appeared that, when the interrogatories were filed in court for the taking of the deposition of a witness, several interrogatories had been objected to by the defendant by writing under each of them the words, "Objected to by the defendant." In reading the deposition to the jury, the plaintiff's counsel omitted to read these words. The defendant's counsel was present, and made no objection to the answers being read; but, at the close of the reading, he called the attention of the judge to the fact that these words had been omitted, and contended that he was entitled, as of right, to have the deposition excluded. The judge ruled that he would hear the counsel upon any objections he saw fit to insist upon, and would exclude any part which appeared to be incompetent; but the counsel refused to make any objections. *Held*, that the defendant had no ground of exception to the admission in evidence of the deposition.

TORT for personal injuries occasioned to the plaintiff, while a passenger in one of the defendant's open street cars, by being

thrown out of the car. At the trial in the Superior Court, before *Blodgett*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*L. M. Child*, for the defendant.

*D. E. Ware*, for the plaintiff.

MORTON, C. J. The Superior Court could not properly rule, as requested by the defendant, that there was no evidence of negligence to go to the jury. There was direct evidence that the defendant was using its track when it was not in a safe condition to be used. It appeared that the defendant was repairing its track at the place where the accident to the plaintiff happened. For this purpose, it had removed the paving-stones in the street, and, at the time of the accident, some of them had not been replaced. There was evidence tending to show that the absence of the paving-stones made the passage at this point dangerous; and that this caused the injury to the plaintiff. This evidence was for the consideration of the jury, and was properly submitted to them.

The defendant's exception to the admission of the deposition of Dr. Field cannot be sustained. It appears that, when the interrogatories were filed in court for the taking of this deposition, several interrogatories had been objected to by the defendant by writing under them respectively the words, " Objected to by the defendant." In reading the deposition to the jury, the plaintiff's counsel omitted to read these words. The defendant's counsel was present, and made no objection to the answers being read; but, at the close of the reading, he called the attention of the court to the fact that these words had been omitted, and contended, as a right, that the deposition should therefore be excluded. He had no such right. If he intended to insist upon his objections, it was his duty, in the exercise of proper diligence, to make his objections when the interrogatories were read. If, as he contends, the plaintiff's counsel was bound, in the proper conduct of the trial, to read the objections to the interrogatories, his omission to do so did not render the deposition incompetent as evidence.

The court preserved all the rights of the defendant when it ruled that it would hear the counsel upon any objections he saw

fit to insist upon, and would exclude any part which appeared to
be incompetent. As the counsel refused to make any objec-
tions, he thereby waived such as he had previously made, and
had no right to except to the deposition's going to the jury.

*Exceptions overruled.*